UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWNA THUNSTROM,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. C12-1102-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

Shawna Thunstrom appeals the denial of her disability application. She raises a single issue: that "the ALJ erred by improperly rejecting the credibility of Plaintiff's allegations." Dkt. 19 at 1. As discussed below, the Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case with prejudice.

## BACKGROUND

The ALJ found Ms. Thunstrom last worked on May 26, 2009; that bipolar disorder, anxiety disorder, back and left hip disorder were severe impairments; and that these impairments did not meet requirements of the listings. The ALJ found Ms. Thunstrom had the **Residual Functional Capacity** ("RFC") to perform light work; that she could lift or carry 20 pounds occasionally and 10 pounds frequently; that she could stand, walk or sit 6 hours in an 8 hour

REPORT AND RECOMMENDATION - 1

workday; that she was limited to occasional face to face interaction with the general public, but could interact with the public over the telephone without limitation; that she was limited to frequent interaction with coworkers and supervisors; and that she could remember, understand, and carry out simple and detailed instructions or tasks consistent with occupations that have an SVP of 1-3.  The ALJ found Ms. Thunstrom had no past relevant work, but that as there were jobs in the national economy Ms. Thunstrom could perform she was not disabled.  Tr. 14-27.  The parties agree the ALJ's decision is the Commissioner's final decision.

## DISCUSSION

Ms. Thunstrom contends the ALJ erroneously discounted her testimony about her physical and mental health symptoms.  As to her physical symptoms, she raises three arguments.  First, she argues the ALJ improperly discounted her testimony about her back and hip problems on the grounds the treatment she received for these conditions was "essentially conservative in nature."  Dkt. 19 at 10 (citing Tr. 23).  The Court may reverse an ALJ's decision only where the decision was not supported by substantial evidence in the record, or where the ALJ applied the wrong legal standard.  *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985).

Here, Ms. Thunstrom does not argue the ALJ erred in finding the treatment Ms. Thunstrom received for her back and hip was conservative.  Rather, she argues she has a condition—myofascial pain—which could cause the pain she alleges she suffers.  Dkt. 19 at 10.  Even assuming this is true, it does not establish the ALJ erred.  While an ALJ must evaluate a claimant's testimony about the severity of the claimant's symptoms, the ALJ need not accept that testimony.  Hence the fact myofascial pain could be limiting does not mean the ALJ is required to find it is as limiting as Ms. Thunstrom alleged.  This is because the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other

ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, the ALJ evaluated Ms. Thunstrom's testimony and properly discounted it based on the conservative treatment she received. There is no dispute the treatment received was conservative and this Circuit has long held that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Andrews v. Shalala*, 53 F.3d at 1039). Accordingly, the ALJ's reliance on "conservative treatment" to discount Ms. Thunstrom's testimony is supported by substantial evidence and free of legal error.

Ms. Thunstrom next argues the ALJ erred in discounting her testimony on the grounds the medical evidence showed improvement. Dkt. 19 at 12-13. Medical improvement is a clear and convincing reason for rejecting a claimant's testimony. *See* SSR 96–7p. Here, Ms. Thunstrom does not dispute the record shows her condition improved. *Id.* She argues, however, the ALJ erred because though her hip and back problems may have improved, they still caused her pain. *Id.* Because there is no doubt Ms. Thustrom, showed improvement, the Court affirms the ALJ's finding. This is not a situation where the ALJ's finding is contrary to the record. Rather, the record shows improvement—not one-hundred percent recovery, but improvement nonetheless. In a situation such as this, the Court cannot reweigh the evidence to overturn the ALJ. It is the ALJ's province to resolve conflicts and ambiguity in the medical evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). The ALJ did exactly this is concluding Ms. Thunstrom's back and hip problems showed improvement with trigger point and steroid injections. Tr. 23. Accordingly, even if the medical record on improvement were susceptible to more than one rational interpretation, the Court must uphold ALJ's findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Accordingly, this

REPORT AND RECOMMENDATION - 3

reason is supported by substantial evidence and free of legal error.

Ms. Thunstrom lastly argues the ALJ's decision to discount her testimony is inconsistent with the ALJ's step two findings that her back and hip disorder are "severe impairments." Dkt. 19 at 12. This argument is frivolous. Step two findings serve an entirely different purpose than the more detailed findings an ALJ must make in determining at steps four or five whether a claimant can perform sustained work. *See* SSR 96-8p (limitations identified at step two are not an RFC assessment); *see also Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (step two finding does not necessarily equate to a finding of a disabling RFC). In sum, Ms. Thunstrom raised three challenges to the ALJ's decision to discount her testimony about her physical limits. The Court finds no error and affirms the ALJ.

Turning to mental limitations, Ms. Thunstrom argues the ALJ improperly discounted her testimony about these limitations on the grounds her testimony was inconsistent with activities such as "light housework, cooking, shopping, and caring for her six month old son." Dkt. 19 at 13-15. Even assuming the argument is correct, it is insufficient to reverse the ALJ because the ALJ gave other valid and unchallenged reasons to reject Ms. Thumstrom's testimony.

The ALJ discounted Ms. Thunstrom's testimony about her mental impairments finding it inconsistent with the medical evidence of record. Tr. 23. In specific, the ALJ discussed Ms. Thunstrom's treatment notes which indicated medications improved and stabilized her mental health symptoms, and concluded that "overall, the record indicates that the claimant's prescribed medication has been relatively effective in controlling the claimant's symptoms." *Id.* The ALJ also discounted Ms. Thunstrom's claim of a "bad short term memory," as inconsistent with Christopher Plummer's, Ph.D., finding she had "good recent recall and intact immediate recall." *Id.* The ALJ further noted Ms. Thunstrom's claim she did not spend time with others was

REPORT AND RECOMMENDATION - 4

1  inconsistent with her mother's report that she attended family gatherings.  *Id.*  As these are

2  proper grounds, supported by the record, to discount Ms. Thunstrom's testimony, the Court

3  affirms the ALJ's decision to discount Ms. Thusntrom's testimony.  *See Smolen v. Chater*, 80

4  F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider "ordinary techniques of credibility

5  evaluation" including inconsistencies between the claimant's testimony and the medical evidence

6  or third party evidence concerning the nature, severity, and effect of the symptoms of which the

7  claimant alleges.).

8     In sum, the ALJ gave a number of reasons to discount Ms. Thunstrom's testimony about

9  her mental limitations.  Even assuming some of the reasons were improper, the ALJ committed

10 harmless error because there remains substantial evidence supporting the ALJ's valid reasons,

11 and the invalid reasons do not negate the validity of the ALJ's decision to discount Ms.

12 Thunstrom's testimony.  *See Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155,

13 1162-63 (9th Cir. 2008).  Accordingly, the Court affirms the ALJ's decision to discount Ms.

14 Thunstrom's testimony.

## CONCLUSION

16    For the foregoing reasons, the Court recommends **AFFIRMING** the Commissioner's

17 decision and **DISMISSING** the case with prejudice.  A proposed order accompanies this Report

18 and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and

19 served no later than **June 6, 2013.**  If no objections are filed, the matter will be ready for the

20 Court's consideration on **June 7, 2013**.  If objections are filed, any response is due within 14

21 days after being served with the objections.  A party filing an objection must note the matter for

22 the Court's consideration 14 days from the date the objection is filed and served.  Objections and

23 responses shall not exceed twelve pages.  The failure to timely object may affect the right to

REPORT AND RECOMMENDATION - 5

1 appeal.

2 DATED this 23rd day of May, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6